## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| SCOTT M. HATFIELD, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:18-cv-02909 |
| STATEWIDE CREDIT ASSOCIATION, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Scott M. Hatfield ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Statewide Credit Association ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Indiana, Defendant conducts business in the Southern District of Indiana and maintains significant business contacts in the Southern District of Indiana.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

1

5.  Defendant provides "collection services designed to meet the needs of America's credit grantors for improved cash flow."[1] Defendant's principal place of business located at 8085 Knue Road, Indianapolis IN, 46250.

### FACTS SUPPORTING CAUSES OF ACTION

6.  In 2016, Plaintiff underwent cataract surgery and incurred a medical debt ("subject debt").

7.  Plaintiff was unable to keep up with payments and defaulted on the subject debt.

8.  Subsequently, Defendant acquired the rights to collect on the defaulted subject debt.

9.  In the summer of 2017, Plaintiff began receiving calls from Defendant to his cellular telephone number, (317) XXX-8579.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

11. Defendant was calling in an attempt to collect on the defaulted subject debt.

12. Immediately after the calls began, Plaintiff spoke with a representative of Defendant and entered into an agreed upon payment plan.

13. As time went on Defendant attempted to increase the payments Plaintiff agreed to make.

14. When Plaintiff was unable to make these payments, Defendant began calling him incessantly.

15. In January 2018, Plaintiff answered a phone call from Defendant. During this call, Plaintiff informed Defendant that he was unable to speak while he was at work, and asked Defendant to call him after 5:00pm.

---

[1] http://www.statewidecredit.net/about_us/about.html

16. Defendant disregarded Plaintiff's request and continued to call him before 5:00pm, even with knowledge that Plaintiff was at work.

17. Subsequently, Plaintiff answered another call and informed Defendant that it was illegal to answer his cellular phone while he was at work driving his tractor. Frustrated, he asked Defendant to stop calling altogether and informed Defendant he would call them when he was able.

18. Failing to acquiesce to Plaintiff's demand that it stop calling, Defendant continued to call Plaintiff.

19. Notwithstanding Plaintiff's request that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed no less than 27 harassing phone calls to Plaintiff's cellular phone since January 2018.

20. Moreover, during the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

21. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

22. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

23. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

24. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, while Plaintiff was at work, and on back to back days, with such frequency as can be reasonably expected to harass.

25. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a system that is commonly used in the debt collection industry to collect defaulted debts.

## DAMAGES

26. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

27. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

28. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

29. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

32. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

33. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

34. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

35. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

36. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

37. Defendant violated 15 U.S.C. §§1692c(a)(1), c(a)(3), d, d(5), and g through its unlawful debt collection practices.

### a.  Violations of  FDCPA § 1692c

38. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

39. Furthermore, Defendant has relentlessly called Plaintiff on no less than 27 occasions, on back-to-back days, and multiple times in one day. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

40. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to him.

41. Defendant violated §1692c(a)(3) when it continuously called Plaintiff at work while knowing his employer prohibited such communications. Plaintiff informed defendant on multiple occasions that he was unable to take Defendant's calls while he was at work. Furthermore, Plaintiff informed Defendant that he was a tractor trailer driver, and that it was illegal for him to take calls while at work. Even after being told to stop contacting him at work, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

### b.  Violations of  FDCPA § 1692d

42. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to his cellular phone.

43. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 27 harassing phone calls to Plaintiff's cellular phone with calls taking place several times in one day, up to 3 times per day, using an automated telephone dialing system without Plaintiff's consent.

### c.  Violations of  FDCPA § 1692g

44. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably

calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant, through its initial communication, demanded payment of the subject debt from Plaintiff through the use of an automated telephone dialing system and failed to adequately send Plaintiff his right to dispute the validity of the subject debt within five days of the initial communication.

45. As pled above, Plaintiff was severely harmed by Defendant's conduct.

46. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

47. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Indiana in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

48. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

**WHEREFORE**, Plaintiff SCOTT M. HATFIELD respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

49. Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

50. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number

7

using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

51. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

52. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

53. Defendant violated the TCPA by placing no less than 27 phone calls to Plaintiff's cellular phone between January 2018 and the present day, using an ATDS without his prior consent.

54. Any prior consent, if any, was revoked by Plaintiff's verbal revocations. Specifically, Plaintiff verbally revoked consent to be called around January 2018.

55. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

56. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

57. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

58. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

59. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and

knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff SCOTT M. HATFIELD respectfully prays this Honorable Court for the following relief:

   a.   Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

   b.   Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

   c.   Awarding Plaintiff costs and reasonable attorney fees;

   d.   Enjoining Defendant from further contacting Plaintiff; and

   e.   Awarding any other relief as this Honorable Court deems just and appropriate.


**Plaintiff demands trial by jury.**


Dated: September 20, 2018                    Respectfully Submitted,

                                             /s/ Alexander J. Taylor
                                             /s/ Marwan R. Daher
                                             /s/ Omar T. Sulaiman
                                             Alexander J. Taylor, Esq.
                                             Marwan R. Daher, Esq.
                                             Omar T. Sulaiman, Esq.
                                             *Counsel for Plaintiff*
                                             Sulaiman Law Group, Ltd
                                             2500 S Highland Ave, Suite 200
                                             Lombard, IL 60148
                                             Telephone: (630) 575-8181
                                             ataylor@sulaimanlaw.com
                                             mdaher@sulaimanlaw.com
                                             osulaiman@sulaimanlaw.com